Napton, judge,
delivered the opinion of the court.
Neat sued Boston before a justice of the peace in trespass and had a verdict for fifty dollars, which the justice set aside. Upon a second trial Neat again obtained a verdict and judgment, from which Boston appealed. Upon the trial in the circuit court the plaintiff Neat gave *126 evidence tending to show the following facts : That the plaintiff and defendant lived three or four miles apart, on opposite sides of the Wyaconda creek in Carroll county 5 that plaintiff had taken up a mare and colt and posted them; that the mare was a work animal and plaintiff worked her for upwards of a year, during which time she had a second colt; that plaintiff used and controlled both the mare and colts as his own horses, sometimes keeping them up in enclosures and sometimes suffering them to run on the prairie with his other stock ; that said mare and colts being missing from plaintiff’s enclosure on Friday and Saturday, the plaintiff and some of his neighbors (witnesses in the case) went in search of their horses, and found the mare dead near defendant’s field apparently with a gun-shot wound in the body, one of the colts in the field dead, also shot, and the other wounded in the leg. The animals seemed to have been shot the same day the witnesses saw them. The defendant was seen at the same tiine, and his coat was observed on the fence near to the dead colt. Several witnesses had previously heard the report of a gun in the direction of defendant’s field.
This was all the evidence in the case, the defendant offering none, but asking the court to declare the law of the case as follows:
1st. If the mare and colt were strays, plaintiff cannot recover damages done said mare and colt unless the evidence shows that the plaintiff complied strictly with the statute in relation to strays, or unless said mare and colt were in the actual possession of the plaintiff at the time of the alleged trespass.
2d. The evidence did not support and was not material to the issue.
These instructions were refused and a verdict and judgment were rendered for the plaintiff. Motions were made for a new trial and in arrest, but were overruled and the case brought here by appeal.
There was no question of title in this case, nor is title necessary to maintain trespass against a stranger to the title. The plaintiff had possession of the animals under a claim of title when the trespass was committed.
Whether the evidence was sufficient to convict the defendant of the inhuman acts charged upon him was for the jury to decide, and his conduct upon the trial in declining to give any explanatory testimony and placing his defence upon a technical ground, seems an acknowledgment that no valid defence existed. Wbat is meant by an actual possession as referred to in the instruction asked, we do not know but we infer from the evidence that it was thought necessary to an actual possession that the animals should have been in the plaintiff’s enclosure or stable. *127 This is not our understanding of the term. I do not lose the possession of my horse whenever he is turned loose in the prairie. A constructive possession follows the title, but an actual possion is prima facie evidence of title. An actual possession is a phrase which must be understood with reference to the subject. If the property be a living animal capable of locomotion and accustomed to run at large, subject only to be caught atr the will of the owner, exercising the usual acts of ownership over such an animal must be understood as such a possession as will maintain an action-.
The other judges concurring the judgment is affirmed.